**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

In re:  JENNIFER STEPHENS                    §    Case No. 25-50840
                                             §
                                             §
                                             §
                                             §

                    Debtor(s)

---

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 10/31/2025. The undersigned trustee was appointed on 11/04/2025.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of                        $              6,330.00

             Funds were disbursed in the following amounts:

             Payments made under an
                interim distribution                                                0.00
             Administrative expenses                                                0.00
             Bank service fees                                                     13.74
             Other payments to creditors                                            0.00
             Non-estate funds paid to 3rd Parties                                   0.00
             Exemptions paid to the debtor                                      1,964.47
             Other payments to the debtor                                           0.00

             Leaving a balance on hand of[1]             $              4,351.79

The remaining funds are available for distribution.

---

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 04/23/2026 and the deadline for filing governmental claims was 04/29/2026. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,091.38. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,091.38, for a total compensation of $1,091.38[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $170.56 for total expenses of $170.56[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/20/2026

By: /s/ George I. Roumeliotis
Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A

Page: 1

**Case No.:**   25-50840

**Case Name:**   JENNIFER STEPHENS

**For Period Ending:**   05/20/2026

**Trustee Name:**   (410520) George I. Roumeliotis

**Date Filed (f) or Converted (c):**   10/31/2025 (f)

**§ 341(a) Meeting Date:**   12/03/2025

**Claims Bar Date:**   04/23/2026

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 233 BIRMINGHAM STREET, Bridgeport, CT 06606, Fairfield County | 409,520.00 | 0.00 | | 0.00 | FA |
| 2 | HOUSEHOLD GOODS AND FURNISHINGS | 500.00 | 0.00 | | 0.00 | FA |
| 3 | Android Phone | 50.00 | 0.00 | | 0.00 | FA |
| 4 | WEARING APPAREAL | 500.00 | 0.00 | | 0.00 | FA |
| 5 | Checking/savings: CHIME | 61.00 | 0.00 | | 0.00 | FA |
| 6* | 2025 State of CT Tax Refund (will need to be apportioned for pre- and post-petition timeframes) (u) (See Footnote) | 0.00 | 1,644.43 | | 1,981.00 | FA |
| 7* | 2025 Federal Tax Refund (will need to be apportioned for pre- and post-petition timeframes) (u) (See Footnote) | 0.00 | 2,721.10 | | 4,349.00 | FA |
| 7 | **Assets Totals (Excluding unknown values)** | **$410,631.00** | **$4,365.53** | | **$6,330.00** | **$0.00** |

RE PROP# 6    Full refund of $1,981.00 sent to trustee.  However, due to partial year filing, 83.01% of it is property of the estate.  Therefore, trustee value is 83.01% of full year refund ($1,644.43).  Motion filed and approved to apportion this and federal refund (Asset 7) between pre- and post-petition periods.  See Order dated 5/14/26 (Doc. ID 14). Debtor's portion and available exemption paid to debtor.

RE PROP# 7    Full 2025 refund of $4,349.00 sent to trustee by IRS.  However, due to partial year filing, 83.01% of it is property of the estate.  Therefore, trustee value is 83.01% of full year refund ($3,610.10).  Motion filed and approved to apportion this and state refund (Asset 6) between pre- and post-petition periods.  See Order dated 5/14/26 (Doc. ID 14). Debtor's portion and available exemption paid to debtor.

**Major Activities Affecting Case Closing:**

This case involved the collection of the prepetition portion of the debtor's 2025 federal and state tax refunds, less her available exemption in said prepetition portion.  The taxing authorities remitted the full year refunds to the estate.  By Order approving the allocation of said refunds and the payment of the postpetition allocation and the debtor's available exemption in the prepetition allocation, the Trustee remitted to the debtor her share of the refunds, with the remaining amounts to be administered.  The bar date for filing claims recently passed, and claims were reviewed.  No objectionable claims were filed.

Therefore, case is ready to close.

**Initial Projected Date Of Final Report (TFR):** 12/31/2026

**Current Projected Date Of Final Report (TFR):** 12/31/2026

_____
05/20/2026
Date

_____
/s/George I. Roumeliotis
George I. Roumeliotis

# Form 2

## Cash Receipts And Disbursements Record

Exhibit B

Page: 1

| Case No.: | 25-50840 | Trustee Name: | George I. Roumeliotis (410520) |
|---|---|---|---|
| Case Name: | JENNIFER STEPHENS | Bank Name: | TriState Capital Bank |
| Taxpayer ID #: | **-***2507 | Account #: | ******3846 Checking |
| For Period Ending: | 05/20/2026 | Blanket Bond (per case limit): | $35,084,429.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 03/03/26 | {6} | State Of Connecticut | Turnover of 2025 State of CT tax refund (will need to apportion as state turned over entire refund) | 1224-000 | 1,981.00 | | 1,981.00 |
| 03/31/26 | | TriState Capital Bank | Bank and Technology Services Fees | 2600-000 | | 5.00 | 1,976.00 |
| 04/06/26 | {7} | United States Treasury | Turnover of 2025 Federal tax refund; will need to be apportioned for pre- and post-petition periods | 1224-000 | 4,349.00 | | 6,325.00 |
| 04/30/26 | | TriState Capital Bank | Bank and Technology Services Fees | 2600-000 | | 8.74 | 6,316.26 |
| 05/15/26 | 201 | JENNIFER STEPHENS | Payment of postpetition allocation and exemption related to 2025 tax refunds, per Order dated 5/14/26 (Doc ID 14). | 8100-002 | | 1,964.47 | 4,351.79 |

| | | | | |
|---|---|---|---|---|
| COLUMN TOTALS | | 6,330.00 | 1,978.21 | $4,351.79 |
| Less: Bank Transfers/CDs | | 0.00 | 0.00 | |
| Subtotal | | 6,330.00 | 1,978.21 | |
| Less: Payments to Debtors | | | 1,964.47 | |
| NET Receipts / Disbursements | | $6,330.00 | $13.74 | |

**Form 2**

Exhibit B
Page: 2

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case No.:** | 25-50840 |
| **Case Name:** | JENNIFER STEPHENS |
| **Taxpayer ID #:** | **-***2507 |
| **For Period Ending:** | 05/20/2026 |

| | |
|---|---|
| **Trustee Name:** | George I. Roumeliotis (410520) |
| **Bank Name:** | TriState Capital Bank |
| **Account #:** | ******3846 Checking |
| **Blanket Bond (per case limit):** | $35,084,429.00 |
| **Separate Bond (if applicable):** | N/A |

| | |
|---|---|
| Net Receipts: | $6,330.00 |
| Plus Gross Adjustments: | $0.00 |
| Less Payments to Debtor: | $1,964.47 |
| Less Other Noncompensable Items: | $0.00 |
| Net Estate: | $4,365.53 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******3846 Checking | $6,330.00 | $13.74 | $4,351.79 |
| | **$6,330.00** | **$13.74** | **$4,351.79** |

| | |
|---|---|
| 05/20/2026 | /s/George I. Roumeliotis |
| Date | George I. Roumeliotis |

**UST Form 101-7-TFR (5/1/2011)**

# Exhibit C

## Analysis of Claims Register

### Case: 25-50840 JENNIFER STEPHENS

Claims Bar Date: 04/23/26

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| FEE | George I. Roumeliotis<br>157 Church Street<br>19th Floor<br>New Haven, CT 06510<br><2100-000 Trustee Compensation><br>, 200 | Administrative<br>05/18/26 | | $1,091.38<br>$1,091.38 | $0.00 | $1,091.38 |
| TE | George I. Roumeliotis<br>157 Church Street<br>19th Floor<br>New Haven, CT 06510<br><2200-000 Trustee Expenses><br>, 200 | Administrative<br>05/20/26 | | $170.56<br>$170.56 | $0.00 | $170.56 |
| 1 | Affirm, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587<br><7100-000 General Unsecured - § 726(a)(2)><br>, 610<br>Claim reviewed 5/20/26; allow. | Unsecured<br>01/26/26 | | $1,907.05<br>$1,907.05 | $0.00 | $1,907.05 |
| 2 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587<br><7100-000 General Unsecured - § 726(a)(2)><br>, 610<br>Claim reviewed 5/20/26; allow. | Unsecured<br>03/05/26 | | $533.20<br>$533.20 | $0.00 | $533.20 |
| 3 | Portfolio Recovery Associates, LLC<br>PO Box 12914<br>Norfolk, VA 23541<br><7100-000 General Unsecured - § 726(a)(2)><br>, 610<br>Claim reviewed 5/20/26; allow. | Unsecured<br>03/27/26 | | $3,007.40<br>$3,007.40 | $0.00 | $3,007.40 |
| 4 | Wells Fargo Bank, N.A., Wells Fargo Card Services<br>PO Box 9210<br>Des Moines, IA 50306<br><7100-000 General Unsecured - § 726(a)(2)><br>, 610 | Unsecured<br>04/08/26 | | $5,356.50<br>$5,356.50 | $0.00 | $5,356.50 |

## Exhibit C

## Analysis of Claims Register

### Case: 25-50840 JENNIFER STEPHENS

Claims Bar Date: 04/23/26

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Claim reviewed 5/20/26; allow. | | | | | |
| | | | | **Case Total:** | **$0.00** | **$12,066.09** |

**UST Form 101-7-TFR (5/1/2011)**

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 25-50840
Case Name:  JENNIFER STEPHENS
Trustee Name: George I. Roumeliotis

**Balance on hand:**   $                  4,351.79

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | None | | | | |

Total to be paid to secured creditors:   $            0.00
Remaining balance:   $        4,351.79

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - George I. Roumeliotis | 1,091.38 | 0.00 | 1,091.38 |
| Trustee, Expenses - George I. Roumeliotis | 170.56 | 0.00 | 170.56 |

Total to be paid for chapter 7 administrative expenses:   $        1,261.94
Remaining balance:   $        3,089.85

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| | None | | |

Total to be paid for prior chapter administrative expenses:   $            0.00
Remaining balance:   $        3,089.85

UST Form 101-7-TFR(5/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 3,089.85

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $10,804.15 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 28.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Affirm, Inc. | 1,907.05 | 0.00 | 545.39 |
| 2 | Resurgent Receivables, LLC | 533.20 | 0.00 | 152.49 |
| 3 | Portfolio Recovery Associates, LLC | 3,007.40 | 0.00 | 860.08 |
| 4 | Wells Fargo Bank, N.A., Wells Fargo Card Services | 5,356.50 | 0.00 | 1,531.89 |

Total to be paid for timely general unsecured claims: $ 3,089.85
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR(5/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00